Michael Tsivyan, Esq. [SBN 322003]
LAW OFFICES OF MICHAEL TSIVYAN
500 East Hamilton Ave. #1019
Campbell, CA 95008
Telephone:     (408) 887-6739
Email:          mt.legaljaws@gmail.com

Attorney for Plaintiff HASSAN SALEHI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN SALEHI, an individual,<br><br>                         Plaintiff<br><br>v.<br><br>Lakeview Terrace Homeowners Association, a California non-profit mutual benefit corporation,<br><br><br><br>                         Defendant | Case. No.: 5:22-cv-2662<br><br>COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES:<br><br>1.   Violation of the Fair Housing Act (42 U.S.C. § 3601 *et seq.*)<br>2.   Violation of the Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*)<br><br>DEMAND FOR JURY TRIAL |

## PARTIES

1.      Plaintiff HASSAN SALEHI ("Plaintiff") is an individual. Plaintiff resides in Santa Clara County, State of California.

2.      Defendant LAKEVIEW TERRACE HOMEOWNERS ASSOCIATION ("HOA") is a non-profit mutual benefit corporation created under the laws of California for the purpose of managing a common interest development ("CID") located in Santa Clara County, State of California.

## JURISDICTION, VENUE AND DIVISION

3.      This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a) for the claim of violation of the Fair Housing Act. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) for the remaining claim brought under California law.

1

4.     Venue is proper because the parties reside in Santa Clara County.

5.     The action should be assigned to the San Jose division because all pertinent events alleged below occurred in Santa Clara County.

**STATEMENT OF FACTS**

6.     Plaintiff resides at 1209 La Terrace Circle, San Jose, CA 95123 ("Property"). The Property belongs to the CID that consists of several condominium buildings with approximately 400 units. The CID is managed by the HOA. The HOA conducts its business through the board of directors ("Board"). The Board, in turn, operates through COMPASS MANAGEMENT GROUP ("Management").

7.     Ownership of a condominium comes with deeded ownership of one designated parking place. In addition to approximately 400 designated parking spaces, the residents may also use approximately 800 other parking spaces on a "first come first serve" basis. The CID does not have any handicapped parking.

8.     In June 2021, Plaintiff had a surgical operation on his knee. Since then he has been having difficulty walking long distances. Plaintiff walks with a cane. His disability is clearly visible.

9.     Due to the difficulty walking long distances, Plaintiff cannot use his designated parking space located behind the Property. However, there are four parking spaces located in front of the Property, which are sufficiently close to the entrance of Plaintiff's unit. These four spaces are used by the residents on a "first come first serve" basis.

10.    Due to the structure of the CID, the four parking spaces in front of the Property are used frequently. As a result, Plaintiff can rarely park in those spaces. He must park his car in other spaces. On several occasions, Plaintiff had to park at a nearby hill and then walk to his unit approximately half a mile. Walking that distance is painful and poses a significant risk of further injury to Plaintiff's leg.

11.    Plaintiff notified the Board and the Management about his disability and requested that one of the four spaces in front of the Property be reserved for him as an accommodation.

12.    On February 4, 2022 Plaintiff received from the Management an email implying that the Board purportedly agreed to reserve a parking space for Plaintiff, but Plaintiff must gather certain (unspecified) "information" from certain (unspecified) "contractors" that need to do certain (unspecified) "work," submit this "information" to the Board for its approval, and then pay for "the groundwork and

2

cost." The email does not elaborate what "contractors" Plaintiff needs to contact, what "work" they need to do, and what "information" Plaintiff needs to obtain and submit to the Board.

13.     In early March 2022, Plaintiff retained counsel to assist him in obtaining the requested accommodation, including hiring the "contractors" referenced in the February 4, 2022 email. On March 14, 2022 counsel sent via email a letter to the Management explaining that the HOA is required by law to provide an accessible parking space to Plaintiff without requiring him to hire anyone or to pay for anything, unless providing the accommodation would impose on the HOA an "undue burden." Counsel asked the Management (i) to forward the letter to the Board and the HOA's attorneys; and (ii) if they take a position that providing the accommodation without charge would impose on the HOA "an undue burden," explain the basis for this position.

14.     On March 28, 2022 Plaintiff counsel received a letter from attorney Maria C. Kao stating that she represents the HOA. In the letter, Ms. Kao explained that she disagreed with counsel's view of the law, that the HOA is allowed to impose "reasonable restrictions" on Plaintiff and that to this end the HOA requested that Plaintiff provide "additional information." Ms. Kao did not elaborate what "additional information" Plaintiff needed to provide.

15.     On March 29, 2022 counsel informed Ms. Kao that Plaintiff would pay for the accommodation without prejudice to the claim that the HOA is required by law to provide an accessible parking space without charge. Counsel informed Ms. Kao that this claim would need to be resolved in court, and meanwhile Plaintiff wanted to proceed with hiring the contractors and submitting the necessary paperwork for the Board's approval, but it was unclear what specific "work" the HOA wanted the contractors to do. Counsel asked Ms. Kao to clarify this issue.

16.     Ms. Kao refused to provide any clarifications and at the same time expressly prohibited counsel from seeking any clarifications from the Management or the Board. As of this writing, the HOA and its attorney still has not provided any clarification as to what Plaintiff needs to do in order to obtain the accommodation.

17.     Counsel asked Ms. Kao to confirm in writing that the HOA indeed agreed to provide the requested accommodation. After Ms. Kao ignored this request, counsel wrote: "I do not have information as to whether the Association actually agreed to provide an accommodation." Counsel

1  informed Ms. Kao that her refusal to provide the written confirmation would be regarded "as

2  acknowledgement that the Association did not agree to provide any accommodation at all, and my client

3  was simply confused." As of this writing, the HOA and its attorney still has not provided any document

4  confirming that the HOA indeed agreed to provide the requested accommodation.

5       18.    True and correct copies of the communications referenced above in ¶¶ 13-17 are shown in

6  the Appendix ("AP") attached hereto and are incorporated herein by reference.

7  **FIRST CAUSE OF ACTION: VIOLATION OF THE FAIR HOUSING ACT**

8       19.    All facts alleged in the previous paragraphs are realleged herein.

9       20.    Plaintiff lives at the Property located in the CID managed by the HOA.

10      21.    The HOA enacted the "first come first serve" policy with respect to the four parking

11  spaces in front of the Property. The HOA has the authority to modify this policy.

12      22.    Plaintiff has a physical disability that substantially limits major life activities.

13      23.    The HOA knew of the disability.

14      24.    In order to accommodate Plaintiff's disability and afford him an equal opportunity to use

15  and enjoy the Property, it was necessary and reasonable for the HOA to modify the parking policy by

16  designating one of the four parking spaces for Plaintiff's exclusive use without charge. This

17  accommodation would have provided Plaintiff with an accessible parking space without imposing an

18  "undue burden" on the HOA.

19      25.    The HOA refused to provide Plaintiff with the requested accommodation:

20          •    by requiring Plaintiff to pay for it;

21          •    by requiring Plaintiff to hire certain (unspecified) "contractors" to do certain

22               (unspecified) "work";

23          •    by requiring Plaintiff to gather certain (unspecified) "additional information" and

24               submit it to the Board for their approval;

25          •    by refusing to clarify what "contractors" Plaintiff needs to contact, what "work"

26               they need to do, and what "additional information" Plaintiff needs to obtain and

27               submit to the Board;

28      26.    By refusing to confirm in writing that the HOA agreed to provide the requested

accommodation, and by expressly prohibiting Plaintiff's counsel from seeking any clarification, the HOA objectively manifested—through its attorney—that the HOA was unwilling to provide the requested accommodation *even if Plaintiff were to pay for it*.

27.     By refusing to provide Plaintiff with the requested accommodation, the HOA engaged in disability-based discrimination in violation of 42 U.S.C. § 3604(f)(2)(A).

28.      As a result of the discrimination, Plaintiff has been suffering pain, discomfort, embarrassment, humiliation and substantial emotional distress. Under 42 U.S.C. § 3613(c)(1), Plaintiff is entitled to non-economic damages in the amount of at least $5,000.

29.     Plaintiff has no adequate remedy at law to redress the discrimination. Without ordering the HOA to modify the parking policy, Plaintiff will suffer irreparable harm. Under 42 U.S.C. § 3613(c)(1), Plaintiff is entitled to preliminary and permanent injunctions (i) directing the HOA to designate one of the four parking spaces in front of the Property for the exclusive use of Plaintiff; and (ii) enjoining the HOA from requiring Plaintiff to pay for the accommodation or to hire anyone or to submit anything for the Board's approval. In the alternative to (ii), Plaintiff requests that the Court grants a declaratory relief by declaring that Plaintiff does not need to pay for the accommodation or to hire anyone or to submit anything for the Board's approval.

30.     On March 30, 2022 (at 9:05 a.m.) and April 1, 2022 (at 8:34 a.m.) Plaintiff's counsel asked Ms. Kao to provide documents evidencing that the HOA agreed to designate one parking space to Plaintiff and identifying such space. *See* AP 8, 10, 18. To the first request, Ms. Kao responded: "I have supplied the information requested." AP 20. To the second request, Ms. Kao responded: "I have already answered your questions in prior emails." AP 17. In both instances, Ms. Kao knew that she was dishonest and intentionally misrepresented facts, in violation of Rule 8.4(c) of California Rules of Professional Conduct.

31.     On March 30, 2022 Ms. Kao directed Plaintiff "to secure an application from the management." AP 20. Plaintiff's counsel read this statement allowing him to communicate with the Management. Counsel sent an email to the Management asking various questions seeking clarification as to what specific "work" the HOA wanted Plaintiff to do and what specifically he should submit to the Board. AP 22. Ms. Kao then expressly prohibited counsel from communicating with the Management

and demanded that Plaintiff himself communicate with the Management. AP 19-20. Counsel requested that all communications between his client and the Management go through him, provided a copy of the email to Ms. Kao and asked her (i) to forward the questions stated therein to the Board and the Management, and (ii) to provide their answers. AP 18-19. On April 1, 2022, counsel asked Ms. Kao whether she received the answers. AP 17-18. Ms. Kao responded: "I have already answered your questions in prior emails." AP 17. In this instance, too, Ms. Kao knew that she was dishonest and intentionally misrepresented facts, in violation of Rule 8.4(c) of California Rules of Professional Conduct.

32.     Ms. Kao's misrepresentations referenced above in ¶¶ 30-31 were within the scope of her attorney-client relationship with the HOA. Ms. Kao made these misrepresentations on behalf of her client. As a result, the HOA—through its attorney—acted in a manner that involved not merely reckless and callous indifference to Plaintiff's disability and his statutory rights, but also oppression, malice, dishonesty and intentional misrepresentations. Under 42 U.S.C. § 3613(c)(1), Plaintiff is entitled to punitive damages in the amount of at least $10,000.

33.     Under 42 U.S.C. § 3613(c)(2), Plaintiff is entitled to the attorney's fees and costs incurred in connection with this action.

## SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

34.     All facts alleged in the previous paragraphs are realleged herein.

35.     The HOA constitutes a "business establishment" within the meaning of California Civil Code § 51(b).

36.     By refusing to provide an accessible parking space without charge, the HOA engaged in disability-based discrimination in violation of California Civil Code § 51(b).

37.     Under California Civil Code § 52(a), Plaintiff is entitled to triple the amount of his non-economic damages or $4,000, whichever is greater.

38.     Under California Civil Code § 3345(b), Plaintiff is entitled to triple the amount authorized by California Civil Code § 52(a).

39.     Under California Civil Code § 3294(a), Plaintiff is entitled to punitive damages in the amount of at least $10,000.

40.     Under California Civil Code § 52(a), Plaintiff is entitled to the attorney's fees incurred in this action.

WHEREFORE, Plaintiff prays for

(i)      the injunctive and declaratory relief referenced in ¶ 29;

(ii)     the actual damages referenced in ¶¶ 28, 37 and 38;

(iii)    the punitive damages referenced in ¶¶ 32, 37 and 38;

(iv)    the costs and attorney's fees referenced in ¶¶ 33 and 40; and

(v)     such other relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


DATED: May 3, 2022

                          By:      /s/ Michael Tsivyan
                                   Michael Tsivyan, Attorney for
                                   Plaintiff HASSAN SALEHI

## <u>CERTIFICATE PURSUANT TO CALIFORNIA CIVIL CODE § 5950</u>

A certificate referenced in California Civil Code § 5950(a) is not required because:

- the instant action does not involve enforcement of the HOA's governing documents or the Davis-Stirling Common Interest Development Act[1] or the Nonprofit Mutual Benefit Corporation Law.[2] *See* Cal. Civ. Code §§ 5925(b), 5930(a).

- Plaintiff seeks damages in excess of $10,000—the jurisdictional limit set forth in California Civil Procedure §§ 116.220 and 116.221. *See* Cal. Civ. Code § 5930(b); *supra*, ¶¶ 28, 32, 37-39.


In the event the Court determines that the certificate is required, the undersigned certifies that:

- Preliminary injunctive relief is necessary. *Supra*, ¶ 29.


DATED: May 3, 2022

By:      /s/ Michael Tsivyan
Michael Tsivyan, Attorney for
Plaintiff HASSAN SALEHI

---

[1] California Civil Code § 4000 *et seq*.
[2] California Corporation Code § 7110 *et seq*.

8